# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

THOMAS WALLACE,

    Plaintiff,

v.

DET. ANTHONY FONTANA, et al.,

    Defendants.

Civ. No. 18-12909 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Thomas Wallace, is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted plaintiff's application to proceed *in forma pauperis*.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names two defendants in his complaint: (1) Det. Anthony Fontana – Burlington Township Police Department; and (2) Lisa M. Commentucci – Burlington County Prosecutor's Office.

The entirety of plaintiff's factual allegations are as follows:

> (1) Prosecutor conduct constitutes grand jury misconduct date 6.14.17 6.15.17; (2) prosecutor criminal mis-prosecutions – date

> 6.14.17 6.15.17; (3) prosecutor forgery committed, falseifying [sic]
> documents date 6.6.17; (4) prosecutor purposely knowingly,
> recklessly, negligently misuse of power and violation of both my
> civil rights and constitution malicious prosecution cause me mental
> stress and angunt [sic] violates my constitutional rights to grand
> jury indictment. The grand jury clause of the Fifth Amendment
> guarantees that a defendant will be indicted constituted a violation
> of D.C. Rule of Professional Conduct 8.3 at my trial date: 6.14.17
> 6.15.17; (5) Det. Anthony Fontana committed perjury at trial date
> 6.14.17; (6) Det. Anthony Fontana violated both my civil and
> constitutional rights date 6.14.17, 2.8.16, 4.25.16, 5.3.16; (7) Det.
> Anthony Fontana withheld evidence; (8) Det. Anthony Fontana
> violated official misconduct and abuse of power date: 6.14.17.

(ECF No. 1 at 5-6).

Plaintiff requests monetary damages, that an indictment be dismissed and that Fontana and Commentucci be fired from their jobs.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x

230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

>declaratory decree was violated or declaratory relief was
>unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.     DISCUSSION

This Court finds that the complaint fails to comply with Federal Rule of Civil Procedure 8.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Even liberally construing the complaint, plaintiff's complaint is completely devoid of any factual allegations. Instead, his complaint states in conclusory fashion that the defendants are liable for things that occurred during grand jury proceedings and during apparent subsequent criminal proceedings. However, as pleaded, plaintiff's allegations are insufficient to state a claim against either defendant. *See, e.g.*, *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."); *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). As a result, the complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Johnson v. Koehler*, No. 18-807, 2019 WL 1231679, at *3; *see also Twombly*, 550 U.S. at 555.  Accordingly, plaintiff fails to state a claim.

It is further worth noting that in any amended complaint that plaintiff may elect to file, a prosecutor who acts within the scope of her duties in initiating and pursuing a criminal

prosecution enjoys immunity from damages under Section 1983. *See Imbler v. Pachtman,* 424 U.S. 409, 410 (1976); *see also Rodriguez v. Salus*, 623 F. App'x 588, 590 n.2 (3d Cir. 2015) (noting District Court properly stated that that prosecutors were immune from damage claims for "initiating, presenting, and advocating the Commonwealth's case").

## V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Because it is possible that plaintiff may be able to amend his complaint with facts sufficient enough to overcome the deficiencies noted above, he will be given leave to amend the complaint should he elect to do so. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order will be entered.

DATED: May 3, 2019

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge